UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:08CV-P30-M

**VICTOR CARL MORTON**                                                                              **PLAINTIFF**

**v.**

**DAVIESS COUNTY DETENTION CENTER** *et al.*                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Victor Carl Morton is a convicted inmate currently serving his sentence at the Crittenden County Detention Center. When Plaintiff commenced this action in March 2008, he was incarcerated at the Daviess County Detention Center. He brought this civil rights action pursuant to 42 U.S.C. § 1983 against the Daviess County Detention Center, Jailer David Osborne, and Southern Health Partners, Inc. Plaintiff claims that during his incarceration at the Daviess County Detention Center, he suffered from extreme hypertension that Defendants failed to properly monitor and treat, to his past and future detriment. Plaintiff is seeking monetary and injunctive relief.

On initial screening of this matter pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed Plaintiff's Eighth Amendment cruel-and-unusual-punishment claims to proceed against Defendant Osborne in his official and individual capacities and against Southern Health Partners, Inc. This matter is now before the Court on Defendants' motions for summary judgment. Plaintiff did not file responses to Defendants' motions for summary judgment. Plaintiff has, however, filed a pretrial memorandum

with the Court. As explained below, the Court will enter summary judgment in favor of Defendants.[1]

**I.**

Summary judgment is proper "if the pleadings, the discovery material and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Celotex*, 477 U.S. at 323. Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the non-moving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing

---

[1]The Court notes that Plaintiff filed two motions seeking discovery (DNs 33 and 34). The Court reviewed the motions before taking the summary-judgment motions under submission. Upon review, the Court concluded that the discovery sought is not relevant to the main issues on summary judgment, whether Plaintiff properly exhausted his administrative remedies prior to filing suit. As such, those motions will be denied as moot.

that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing Fed. R. Civ. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

Where the non-moving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Id.* at 323-24.

## II.

Prisoner civil rights cases are subject to the PLRA's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81 (2006), that

---

[2]The Supreme Court recently held that exhaustion is an affirmative defense, and therefore, the plaintiff is not required to plead and prove exhaustion in his complaint. *Id* at 921. When raised as a defense on summary judgment, however, the plaintiff must demonstrate at least an issue of material fact regarding exhaustion in accordance with Federal Rule of Civil Procedure 56 to prevail.

the PLRA exhaustion requirement requires "proper" exhaustion of administrative remedies. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*

The Supreme Court has also "stress[ed] the point" that we cannot "read futility or other exceptions into [the PLRA's] exhaustion requirement where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim. The potential effectiveness of an administrative response bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 2000). In short, exhaustion is required even if the prisoner believes his efforts in securing relief will be futile or that the administrative authority has no power to grant the requested relief. *See Hartsfield*, 199 F.3d at 308-310.

A review of Plaintiff's complaint reveals that he is seeking relief related to incidents concerning:

1. Defendants' failure to take action in instances where Plaintiff alleges that his blood pressure readings were very high and should have been addressed with medical intervention. *See* Compl., p. 4, allegations 1-6 and 8-9;

2. Defendants' failure to allow Plaintiff to remain in the hospital for high blood pressure treatment even though upon release his blood pressure reading was 186/104. *See id.* at allegation 7.

3. Defendants' failure to properly administer and adjust Plaintiff's medications. *See*

*Id.* p. 5, allegation 9.

  4. Defendants' failure to have "certified technicians" take Plaintiff's blood pressure.

*See id.*

  5. Defendants' placement of Plaintiff in "the hole" where it was "very hot" when Plaintiff had an elevated blood pressure reading. *See id.*

  The Daviess County Detention Center has an inmate grievance procedure in place. *See* Defs.' Mot. Summ. J., Ex. 1 Ratajczak Aff. It provides as follows:

> a. Inmates shall be allowed to file a grievance if they believe they have been subject to abuse, harassment, have had their civil rights violated, or have been denied privileges without justification.
> b. Grievance forms are made available daily.
> c. Grievance forms shall list the name of the person(s) with whom the inmate has a grievance against.
> d. No inmates shall fear reprisal for initiating a grievance procedure in an attempt to resolve a legitimate complaint.

*Id.* at attach. 5.

  Deana Ratajczak, a deputy jailer at the Daviess County Detention Center, swears that she has "reviewed the entire inmate file of the Daviess County Detention Center relating to Victor Carl Morton" and found only three grievances filed by Plaintiff during the relevant time period. *Id.* Deputy Ratajczak attached those three grievances to her affidavit. The first grievance relates to Plaintiff's request to get a prison job. It states: "I am a state inmate and I like to have a job and get in the LSAP program before I go up." *Id.* at attach. 1. The second grievance concerns Plaintiff's complaint about a $20.00 medical charge. It states: "They took $20.00 off my account and I never ask to see the doctor. If my money is not put back on my books I will file a lawsuit and I do not want med." *Id.* at attach 2. The third grievance demands the name of the doctor that prescribed a drug to Plaintiff. It states: "I would like to know why I was proscribed the drug

'Norvas' when I never saw a doctor to be diagnosed to take that particular medication. I want to know who prescribed it and why: Also, I would like to know exactly when it was prescribed." *Id.* at attach 3.

It is undisputed that none of these grievances relate to the matters at issue in Plaintiff's complaint. And, Plaintiff has failed to come forward with affidavits or other proof that would show that he did exhaust his administrative remedies with respect to the claims at issue in this action. Accordingly, summary judgment must be entered in favor of Defendants.

### III.

Even if Plaintiff had properly grieved his claims, summary judgment in favor of Defendants would still be appropriate.

Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under of color of state law, violated the claimant's federally protected rights. The Supreme Court has identified two element's for a plaintiff's *prima facie* case in § 1983 litigation: the plaintiff must allege must both (1) a deprivation of a federal right and (2) that the person who deprived plaintiff of that right acted under color of state law. *See West v. Atkins* 487 U.S. 42, 48 (1988).

**A.   Individual-Capacity Claims Against Defendant Osborne**

In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each

6

defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Allegations premised upon mere conclusions and opinions fail to state an adequate claim, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Other than listing Jailer Osborne as a defendant, Plaintiff fails to mention him elsewhere in the complaint. Because Plaintiff fails to set forth any specific facts with respect to Defendant Osborne, he is entitled to summary judgment on Plaintiff's individual-capacity claims.

**B.      Official-Capacity Claims against Defendant Osborne**

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendant Osborne are actually brought against Daviess County. *See Matthews v. Jones*, 35 F.3d

1046, 1049 (6th Cir. 1994).

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (emphasis in *Pembaur*)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds, Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged the existence of a governmental policy or custom relative to the nature of his complaints and claims relating to his blood pressure. Because

8

Plaintiff does not allege the existence of a direct causal link between a municipal policy or custom and the alleged constitutional violations, *see Monell*, 436 U.S. at 691, Defendant Osborne is entitled to summary judgment on Plaintiff's official-capacity claims.

## C.     Southern Health Partners, Inc.

It appears that Southern Health Partners, Inc. contracts with the Daviess County Detention Center to provide medical services to its inmates. Plaintiff has failed to tie Southern Health Partners, Inc. to his injuries apart from its status as an employer of the medical staff at the Daviess County Detention Center. This is insufficient. "A private corporation is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior."[3] *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff's complaint is devoid of any allegations that an official policy or custom of Southern Health Partners, Inc. was the moving force behind any employee's alleged deprivation of Plaintiff's civil rights. Accordingly, Southern Health Partners, Inc., is entitled to summary judgment.

---

[3] Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

**D.      Injunctive-Relief Claims**

The Court also observes that because Plaintiff is no longer incarcerated at the Daviess County Detention Center, his injunctive-relief claims are moot. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred).

**IV.**

For the reasons set forth above, Defendants' motions for summary judgment (DNs 18, 40, and 49) are **GRANTED**. The Court will enter a separate Judgment in favor of Defendants.

All remaining, pending motions are **DENIED** as moot.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record

4414.008